UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES SCHWEDA,<br><br>Defendant. | No. CR09-335 RSL<br><br>ORDER DENYING MOTION TO MODIFY ORDER CONTINUING TRIAL DATE AND DENYING MOTION TO UNSEAL *IN CAMERA* STATEMENTS |

This matter comes before the Court on defendant James Schweda's Motion to Modify Order Continuing Trial Date (dkt. #178) and Motion to Unseal *In Camera* Statements of Jay Ramos (dkt. #179).

Defendant argues that the Court should change the Order entered on April 26, 2010 because defendant "moved for a 'recess' of the trial on this date, and the Order erroneously indicates that Mr. Schweda moved for a short 'continuance.'" Dkt. # 178. On April 26, 2010, the day trial was scheduled to begin, Mr. Schweda and his co-defendant, Jay Ramos, both raised certain issues to the Court. Dkt. #178-1 at 2:21-24. Mr. Ramos sought a trial continuance because he wanted to change counsel. Id. at 3:2-8. Mr. Schweda asked for a "recess" pursuant to Rule 26.2(b), acknowledging that the rule is not directly on point because the rule contemplates an "interlocutory recess for the defense or for the opposing party to look at the statement." Id. at 4:6-15.

ORDER DENYING MOTIONS TO MODIFY ORDER
AND TO UNSEAL *IN CAMERA* STATEMENTS - 1

Rule 26.2 only applies "[a]fter a witness other than the defendant has testified on direct examination" and some statement by the witness "relates to the subject matter of the witness's testimony."  R. Crim. P. 26.2(a).  Accordingly, Rule 26.2 is inapplicable to the pre-trial hearing held on April 26, 2010.  While counsel for Mr. Schweda used the term "recess," what he sought was a short continuance of "at least a week or two."  See id. at 7:20-25.  Additionally, the Court specifically asked counsel for Mr. Schweda when he would be available for a trial continuance, and he responded: "I will make myself available to any time the court requires.  My client is looking at a significant amount of time.  He's amenable to a continuance.  He'd prefer to go to trial today, but he understands the circumstances with Mr. Ramos."  Id. at 19:13-17.

Defendant also moves the Court to unseal the *in camera* statements of Mr. Ramos so that they will be available in the record on appeal.  The Court DENIES the motion to unseal due to the private nature of Mr. Ramos's statements.  However, the Court ORDERS that the full transcript of the April 26, 2010 hearing, including *in camera* statements of Mr. Ramos, be made part of the record.  The Clerk of the Court is directed to attach the full transcript of the April 26, 2010 hearing, including *in camera* statements of Mr. Ramos, UNDER SEAL as Exhibit 1 to this Order.

For all the foregoing reasons, defendant's motion to modify the Court's Order and motion to unseal *in camera* statements are DENIED.  Dkt. #178, 179.

DATED this 5th day of May, 2011.

                                      *MW S Lasnik*
                                      Robert S. Lasnik
                                      United States District Judge